# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

    Plaintiff,

v.

SHERIFF BENNY DELOACH,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-134

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action while an inmate in Appling County Jail in Baxley, Georgia, pursuant to 42 U.S.C. § 1983. In his Complaint he contested certain conditions of his confinement while he was housed at the Appling County Jail. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. After review, I **RECOMMEND** that the Order dated September 24, 2015, (doc. 4), be **VACATED** and Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED**. It is also my **RECOMMENDATION** Plaintiff's Complaint, as amended, be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be **DENIED** *in forma pauperis* status on appeal.

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed this Complaint against Benny Deloach, the Sheriff of Appling County, Georgia on September 8, 2015. (Doc. 1.) In his Complaint, Plaintiff asserts that he has been denied adequate medical care while housed at the Appling County Jail. (Id. at p. 5.) Plaintiff does not provide any specifics regarding the medical problems for which he alleges he needs

treatment. It appears from exhibits attached to Plaintiff's complaint that he has periodontal disease. (Id. at p. 14.) However, rather than providing any details regarding his medical issues or Defendant's alleged denial of medical care, Plaintiff makes the conclusory allegation that Defendant has violated his Eighth Amendment Right to receive medical treatment. Plaintiff has attached a letter from Defendant Deloach which advised Plaintiff that Deloach checked with the jail's nurse and she assured him that Plaintiff was receiving adequate medical care. (Id., p. 13.)

## DISCUSSION

### I. Section 1915(g)

28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir.1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 731. The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to

the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g): Blanton v. John Lee, et al., No. 6:10-cv-51 (S.D. Ga. March 30, 2011) (dismissal for failure to state a claim); Blanton v. Kight, 1:10-cv-1783 (N.D. Ga. Aug. 2, 2010) (dismissal as frivolous); Blanton v. John Lee, et al., No. 6:10-cv-51 (S.D. Ga. July 29, 2010) (dismissal for failure to follow court order); Blanton v. John Lee, et al., No. 6:10-cv-40 (S.D. Ga. July 29, 2010) (dismissal for failure to follow court order). Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cnty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir.2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff should not be excused from prepaying the filing fee because of the imminent danger of serious physical injury. His Complaint does not even list his alleged medical needs much less provide specific details of how those needs pose an imminent risk of danger. Rather, Plaintiff's Complaint is a quintessential example of the conclusory allegations that fail to meet the imminent danger exception to the three strikes rule. Therefore, Section 1915(g) bars him from proceeding *in forma pauperis* in this case. Should Plaintiff choose to prosecute these claims while incarcerated, he must bring a separate action and pay the full filing fee.

## II.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1]  A certificate of appealablity is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should deny him *in forma pauperis* status on appeal.

CONCLUSION

I **RECOMMEND** that the Court **VACATE** Magistrate Judge's Order dated September 24, 2015, (doc. 3), and **DENY** Plaintiff's Motion to Proceed *In Forma Pauperis*. I also **RECOMMEND** that Plaintiff's Complaint, be **DISMISSED** without prejudice.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.[2]

---

[2] The Clerk is **DIRECTED** to serve a copy of this Order and Report and Recommendation as well as the Court's September 24, 2015 Order on Plaintiff not only at the address listed on the docket in this case but also at 511 David Carter Road in Baxley, Georgia. According to other actions filed in this Court, this appears to be Plaintiff's new address. See Blanton v. Deloach, 2:15-cv-40, ECF No. 24 (S.D. Ga. Sep. 14, 2015). If Plaintiff seeks to make this his address for service in this case, he should so notify the Clerk of Court. Even if Plaintiff is no longer incarcerated, the PLRA and Section 1915(g) specifically still applies to this case. See Hamilton v. Chisolm, No. CV412-188, 2012 WL 4739953, at *1 n.3 (S.D. Ga. Oct. 3, 2012) report and recommendation adopted, No. CV412-188, 2012 WL 4903378 (S.D. Ga. Oct. 16, 2012) ("A plaintiff's status at the time of filing is determinative. '[S]ubsequent release from prison [does] not entitle [plaintiff] to proceed IFP on an action that he brought while he was a prisoner subject to the three-strikes bar.' Torns v. Miss. Dep't of Corrs., 421 F. App'x 316, 317 (5th Cir.2010); Harris v. City of New York, 607 F.3d 18, 21–22 (2d Cir.2010) ('Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.').")

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 6th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA